**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Tony Lashawn NELSON, Defendant–
Appellant.**

No. 12–60894
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 2013.

Susan Spears Bradley, Esq., Assistant
U.S. Attorney, U.S. Attorney's Office, Ox-
ford, MS, for Plaintiff–Appellee.

Gregory Scott Park, Assistant Federal
Public Defender, Federal Public Defend-
er's Office, Oxford, MS, for Defendant–
Appellant.

Before JONES, BARKSDALE, and
HAYNES, Circuit Judges.

PER CURIAM: [*]

Having pleaded guilty to failing to regis-
ter as a sex offender under the Sex Of-
fender Registration and Notification Act,
Tony Lashawn Nelson was sentenced to 18
months imprisonment (he was released in
June 2013), to be followed by ten years
supervised release. In addition to the
standard conditions of supervision, the
court imposed special conditions; the fol-
lowing special conditions are challenged on
appeal: (1) participate in a program of
mental-health treatment specifically de-

signed to treat sex offenders; (2) have no
direct, or indirect, contact with any non-
biological children under the age of 18
unless supervised by an adult, pre-ap-
proved by the probation officer; (3) have
no affiliation or employment with any or-
ganization involved in activity that would
place him in direct contact with minors;
and (4) avoid places minors are known to
frequent, without prior approval of the
probation officer.

Challenging both the procedural and
substantive reasonableness of these listed
special conditions, Nelson first contends
the court committed procedural error on
three grounds: the instant, failure-to-reg-
ister crime is not a "sex offense" as de-
fined in Guideline § 5D1.2, comment. (n.1)
(defining "sex offense"); the prohibition of
direct, or indirect, contact with minors
without prior approval is outside the scope
of Guideline § 5D1.3(d)(7) (recommended
special conditions for sex offenses); and
the court, despite being required to do so,
failed to state reasons for the conditions.

Properly preserved objections to the im-
position of conditions of supervised release
are reviewed for abuse of discretion.
*United States v. Paul,* 274 F.3d 155, 165
(5th Cir.2001). Nelson, however, did not
object to the imposition of special condi-
tions on the procedural grounds now as-
serted. Thus, his procedural-reasonable-
ness challenge is reviewed only for plain
error. *See United States v. Medina–Anica-
cio,* 325 F.3d 638, 643 (5th Cir.2003). Un-
der the plain-error standard, Nelson must
show a clear or obvious forfeited error that
affected his substantial rights. *See Puck-
ett v. United States,* 556 U.S. 129, 135, 129
S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he
makes such a showing, we have the discre-
tion to correct the error, but should do so
only if it seriously affects the fairness,

[*] Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

integrity, or public reputation of the proceedings. *See id.*

Assuming *arguendo* the court believed failure to register as a sex offender qualified as a sex offense under the Guidelines, we conclude it did not commit plain error. *See* U.S.S.G. § 5D1.2, comment. (n.1) (defining certain offenses as "sex offenses" *but not* excluding failure-to-register); *see also United States v. Kroft*, No. 12–60609, 535 Fed.Appx. 422, 2013 WL 3492347 (5th Cir. July 12 2013) (per curiam) (unpublished) (reaching same conclusion). Nelson further contends the court was prohibited from imposing conditions of supervised release not recommended in the Guidelines. A district court, however, may impose conditions of release outside those recommended by the advisory Guidelines. *See United States v. Weatherton*, 567 F.3d 149, 152–53 (5th Cir.2009).

Although Nelson asserts the district court did not provide reasons for the challenged conditions, the record reflects the court's consideration of the 18 U.S.C. § 3553(a) factors and the advisory Guidelines range. Additionally, the court expressed concerns over Nelson's history of failing to register as a sex offender and noted prior arrests on that basis. Thus, the court provided adequate reasons and did not err in this regard. *See Rita v. United States*, 551 U.S. 338, 356–58, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Because Nelson objected to the substantive reasonableness of the conditions regarding direct or indirect contact and mental-health treatment, his challenge to those conditions is reviewed for abuse of discretion. *See Paul*, 274 F.3d at 165. His remaining substantive challenges are reviewed only for plain error. *See Medina–Anicacio*, 325 F.3d at 643.

The condition imposed by the court prohibiting all "direct or indirect contact with any non-biological children" is substantively unreasonable. *See United States v.* *Windless*, 719 F.3d 415, 421–22 (5th Cir. 2013) ("to forbid all 'indirect' contact works a serious restriction on liberty"); *see also Kroft*, 535 Fed.Appx. at 423, 2013 WL 3492347, at *2 (vacating a similar condition). On remand for resentencing, this condition is not to be imposed.

The court relied upon more than Nelson's bare arrest record in imposing the remaining conditions. *See Windless*, 719 F.3d at 421 (vacating treatment condition based solely on arrest record). Therefore, it did not abuse its discretion in imposing the condition for mental-health treatment. Nelson does not show the remaining conditions (restricting employment around children and restricting going to places frequented by them) are not reasonably related to the relevant factors, involve an unnecessary deprivation of liberty, or are inconsistent with the policy statements of the Guidelines. *See Weatherton*, 567 F.3d at 153.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED FOR RESENTENCING.